## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | | |
|---|---|---|
| LLP MORTGAGE, INC., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | **Civil Action No. 2014-0057** |
| CLUB COMANCHE, INC.; RICHARD M. | ) | |
| BOEHM, AS ADMINISTRATOR OF THE | ) | |
| ESTATE OF MARY BOEHM, DECEASED; | ) | |
| DONOVAN M. HAMM, JR., AS EXECUTOR | ) | |
| OF THE ESTATE OF RICHARD J. BOEHM, | ) | |
| DECEASED; RICHARD M. BOEHM A/K/A | ) | |
| RICHARD "DERRYCK" BOEHM; MARK E. | ) | |
| DAVIS; JAMES MCNAMARA, AS TRUSTEE | ) | |
| OF THE FRANK MCNAMARA REVOCABLE | ) | |
| TRUST, SUCCESSOR IN INTEREST TO | ) | |
| FRANK MCNAMARA; DICK BOEHM | ) | |
| ENTERPRISES, INC.; FLORENCE | ) | |
| MCDONNELL; CITIZENS BANK OF LAS | ) | |
| CRUCES; APPLEGLEN INVESTOR, L.P.; | ) | |
| AND JACK D. PICKEL, | ) | |
| | ) | |
| **Defendants.** | ) | |

**Appearances:**

**Warren B. Cole, Esq.,**
St. Croix, U.S.V.I.
> *For Plaintiff*

**Edward L. Barry, Esq.,**
St. Croix, U.S.V.I.
> *For Defendant Club Comanche, Inc.*

**Martial A. Webster, Sr., Esq.,**
St. Croix, U.S.V.I
> *For Defendants Richard M. Boehm, as Administrator of the*
> *Estate of Mary Boehm, Deceased; Richard M Boehm a/k/a*
> *Richard "Derryck" Boehm; and Dick Boehm Enterprises, Inc.*

**Mark E. Davis**, *Pro Se*

**Scot F. McChain, Esq.,**
St. Croix, U.S.V.I.
  *For Defendant Jack D. Pickel*

<u>**MEMORANDUM OPINION**</u>

**Lewis, Chief Judge**

  THIS MATTER comes before the Court on the "Motion of LLP Mortgage, [Inc.] for Summary Judgment and for Default Judgment" filed by Plaintiff LLP Mortgage, Inc. ("LLP") (Dkt. No. 65). [1] LLP seeks summary judgment against Defendants Club Comanche, Inc. ("Comanche"), the borrower; guarantor Mary Boehm through Richard M. Boehm as Administrator of the Estate of Mary Boehm; and actual or potential lienholders against the property: Richard M. Boehm a/k/a Richard "Derryck" Boehm; Dick Boehm Enterprises, Inc.; Mark E. Davis ("Davis"); and Jack D. Pickel ("Pickel") (collectively, "Answering Defendants"). *Id*. at 1.

  LLP also seeks a default judgment against another guarantor, Richard J. Boehm through Defendant Donovan M. Hamm, Jr., as Executor of the Estate of Richard J. Boehm,[2] as well as other actual or potential lienholders James McNamara, as Trustee of the Frank McNamara Revocable Trust, Successor in Interest to Frank McNamara; Ms. Florence McDonnell; and Appleglen Investor, L.P. (collectively, "Defaulting Defendants"). *Id.* Finally, LLP has filed a "Motion for Award of Costs and Attorney's Fees" as permitted under the loan documents and applicable statutes and rules. (Dkt. No. 67).

---

[1] This Motion was originally filed by LLP Mortgage, Ltd. After the Motion was filed and all responses were received, Plaintiff converted from a Texas Limited Partnership to a Texas Corporation and is now known as LLP Mortgage, Inc. (Dkt. No. 101). The Magistrate Judge thereafter granted LLP's motion to amend the caption to reflect its new name. (Dkt. No. 104).

[2] The Court has learned that Executor Donovan M. Hamm, Jr. died in May 2019, well after the Entry of Default against him in his Executor capacity (Dkt. No. 50) and after the filing of LLP's Motion for Summary Judgment and for Default Judgment. (Dkt. No. 65). None of the parties has filed a Suggestion of Death as required by Fed. R. Civ. P. 25(a).

Most of the Answering Defendants—Defendants Richard M. Boehm as Administrator of the Estate of Mary Boehm, Richard M. Boehm a/k/a Richard "Derryck" Boehm, and Dick Boehm Enterprises, Inc. (collectively "the Boehm Defendants"), Comanche and Pickel—filed responses to LLP's dispositive motion and its motion for costs and attorneys' fees. (Dkt. Nos. 71-74, 78-79). LLP has filed replies to those responses. (Dkt. Nos. 77, 80). Although Davis filed an Answer to the Complaint, he did not file a response to the Summary Judgment Motion.[3] Likewise, none of the Defaulting Defendants responded to LLP's Motion for Summary Judgment and for Default Judgment.

## I.      BACKGROUND

On September 12, 2014, LLP filed a Complaint against Club Comanche, Inc. ("Comanche") and the estates of its guarantors, Richard J. Boehm and Mary Boehm, as well as the remaining defendants who allegedly claimed or might claim an interest in the underlying property in dispute. (Dkt. No. 1). LLP alleges that Comanche executed and delivered a promissory note ("Note") to the United States Small Business Administration ("SBA") on or about August 1, 1991. In the Note, Comanche promised to repay the SBA the principal sum of $430,000, together with interest at a rate of 4.0% per annum. (Dkt. Nos. 1 at ¶¶ 14-15; 1-3). To secure payment of the Note's indebtedness, Comanche simultaneously executed a mortgage (the "Mortgage") over the property described as:

> Houses and Lots No. 1 Strand Street and No. 40 Strand Street, Christiansted, St. Croix, U.S. Virgin Islands,

---

[3] Davis is a junior lienholder with a recorded 1999 judgment against the real property at issue (Dkt. Nos. 66 at ¶ 21; 66-4 at 17).

("the "Property") (Dkt. Nos. 1 at ¶ 16; 1-4). LLP further alleges that on August 1, 1991, Richard Boehm and Mary Boehm each individually executed guaranty agreements with the SBA, in which they guaranteed the payment of Comanche's Note. (Dkt. Nos. 1 at ¶¶ 17-18; 1-5; 1-6).

In the Complaint, LLP also asserts that on June 16, 1992, Comanche executed and delivered to the SBA a "Modification of Promissory Note" ("Note Modification"). In the Note Modification, the principal of the original Note was increased to $500,000. The other terms and conditions of the original Note remained the same. (Dkt. Nos. 1 at ¶ 19; 1-7). On the same date, LLP alleges that Comanche executed and delivered to the SBA a "Modification to Mortgage" securing the Property for payment of the principal of the Modified Note. Other than the increase in the indebtedness secured, the terms and conditions of the original Mortgage remained unchanged. (Dkt. Nos. 1 at ¶ 20; 1-8). Shortly thereafter, Richard Boehm and Mary Boehm individually executed and delivered to the SBA "Amended Guaranty" agreements warranting payment of the Note Modification signed by Comanche. (Dkt. Nos. 1 at ¶¶ 21-22; 1-9; 1-10).

LLP further alleges that it obtained rights to collect the debt when the SBA executed an "Assignment of Notes and Liens (Mortgage)" to LLP on June 29, 2001 ("Assignment"). LLP asserts that the Assignment transferred all rights to it to enforce Comanche's Note, the Note Modification, the Mortgage, the Mortgage Modification, and the original and amended Guaranties of Richard and Mary Boehm. (Dkt. Nos. 1 at ¶ 23; 1-11). Copies of the Note, the Note Modification, the Mortgage, the Mortgage Modification and other referenced documents are attached to LLP's Complaint. (Dkt. Nos. 1-2 through 1-11).

Only some of the named defendants filed Answers to LLP's Complaint. Defendants Pickel, Comanche, and Davis all filed timely Answers. (Dkt. Nos. 29, 30, 40). A *pro se* Answer was filed jointly by Richard M. Boehm and Mary Alice Boehm-McKaughan, purportedly on behalf of Mary Boehm's estate and Dick Boehm Enterprises, Inc. (Dkt. No. 21). This *pro se* Answer was limited

by the Magistrate Judge to asserting claims or defenses only on behalf of Richard M. Boehm, individually. (Dkt. No. 36). Any alleged responses or defenses relating to the Estate of Mary Boehm or Dick Boehm Enterprises, Inc. were stricken. *Id.* In an additional *pro se* Answer, Richard Boehm also purportedly asserted a crossclaim on behalf of Mary Boehm's Estate against Defendant Pickel. (Dkt. No. 22). This crossclaim also was stricken in its entirety. (Dkt. No. 36). Several months later, counsel entered an appearance on behalf of the Boehm defendants. (Dkt. Nos. 53, 64).[4]

The Clerk issued Entries of Default against the Defaulting Defendants: Donovan M. Hamm, Jr., Executor of the Estate of Richard J. Boehm (Dkt. No. 50), Appleglen Investor, L.P. (Dkt. No. 51), James McNamara, as Trustee of the Frank McNamara Revocable Trust (Dkt. No. 52), and Florence McDonnell. (Dkt. No. 63). LLP voluntarily dismissed Defendant Citizens Bank of Las Cruces from the case. (Dkt. No. 33).

LLP subsequently filed a Motion "for Summary Judgment and Default Judgment" against Defendants. (Dkt. No. 65). As required by LRCi 56.1(a)(1), LLP also filed a "Statement of Undisputed Facts" supported by Declarations of Counsel and LLP's loan servicing agent's

---

[4] Shortly after Boehm's *pro se* Answers on behalf of other parties were stricken, counsel entered an appearance on behalf of Richard M. Boehm, individually, and in his role as Administrator of Mary Boehm's Estate. (Dkt. No. 53). However, counsel did not file a separate Answer on behalf of Mary Boehm's Estate, although the previous *pro se* answer and crossclaim on behalf of the Estate had been stricken. The same attorney subsequently filed a separate entry of appearance on behalf of Dick Boehm Enterprises, Inc. (Dkt. No. 64). Again, however, counsel did not file an Answer on the company's behalf.

Several months later, without leave of Court, the Boehm defendants filed a "Supplemental Answer" which asserted only crossclaims against Pickel, Comanche, and third-party claims against Alameda Virgin Islands Company, LLC. ("Alameda") (Dkt. No. 81). It does not appear that a summons was issued to the purported third-party defendant, Alameda.

Although the Administrator of Mary Boehm's Estate and Dick Boehm Enterprises, Inc. never filed formal Answers, LLP has never sought entry of default against these parties. In any event, all of the Boehm defendants responded to LLP's motion for summary judgment. (Dkt. No. 78).

Portfolio Manager ("Portfolio Manager"), as well as copies of the loan documents and other related materials. (Dkt. No. 66). The undisputed facts set forth the execution of Comanche's Note, the Note Modification, the Mortgage, the Mortgage Modification, and the original and amended Guaranties of Richard and Mary Boehm. (Dkt. Nos. 66 at 2-4; 66-1 at 2-3). LLP presented evidence—through the declarations of its Portfolio Manager—that Comanche was in default by failing to pay sums due under the Modified Note and for failing to pay taxes or maintain hazard insurance on the mortgaged property. (Dkt. Nos. 66 at 4-5; 66-1 at 3-4). LLP also avers that it paid outstanding taxes and obtained hazard insurance needed to protect the mortgaged property at its own expense. (Dkt. Nos. 66 at 4-5; 66-1 at 5; 66-2). Finally, LLP contends that it gave Comanche notice of its default and of the acceleration of the Modified Note. (Dkt. Nos. 66 at 4; 66-1 at 3). As of June 2, 2015, LLP asserts that the unpaid principal and interest on the Modified Note, together with property taxes and hazard insurance paid by LLP, totaled $236,787.32. (Dkt. Nos. 66 at 5; 66-1 at 4). Shortly thereafter, LLP filed a separate "Motion for Award of Costs and Attorney's Fees." (Dkt. No. 67).

Defendants Comanche, Pickel, and the Boehm Defendants filed responses to LLP's dispositive motion and its attorneys' fees motion. (Dkt. No. 71-74, 78-79). Comanche's response, joined by Pickel, argues that LLP fails to establish it was the holder or a holder in due course of the Note, and thus lacks standing to pursue these claims. (Dkt. Nos. 71 at 1-5; 73). They also argue that LLP failed to participate in mandatory mediation as required by Virgin Islands law. (Dkt. No. 71 at 5-7; 73). In addition to joining Comanche and Pickel's response (Dkt. No. 79), the Boehm Defendants separately assert that LLP fails to establish that it is entitled to summary judgment because it has not shown that its action was timely filed. (Dkt. No. 78 at 6-8). LLP filed separate replies to the responses and provided an additional Declaration. (Dkt. Nos. 77, 80).

## II.    APPLICABLE LEGAL PRINCIPLES

### A.    Summary Judgment

To prevail on a motion for summary judgment, a movant must show that there is "no genuine dispute as to any material fact," and that, based on the uncontroverted facts, it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Bonkowski v. Oberg Indus.*, 787 F.3d 190, 195 n.1 (3d Cir. 2015). Thus, the moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact that supports the elements of its claims. *Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 146 (3d Cir. 2016) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

In reviewing a summary judgment motion, the District Court is required to view all facts "in the light most favorable to the non-moving party, who is 'entitled to every reasonable inference that can be drawn from the record.'" *Seamans v. Temple Univ.*, 744 F.3d 853, 859 (3d Cir. 2014) (citations omitted). In addition, "at the summary judgment stage, a court may not weigh the evidence or make credibility determinations; these tasks are left to the fact-finder." *Anderson v. Warden of Berks County Prison*, 602 F. App'x. 892, 895 (3d Cir. 2015) (internal citations and quotation marks omitted). The role of the court is to "determine whether there is a genuine issue for trial." *Stiegel v. Peters Twp.*, 600 F. App'x. 60, 63 (3d Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (internal quotation marks omitted)). A genuine issue of material fact exists when the fact-finder, viewing the record evidence, could rationally find in favor of the non-moving party. *See Anderson*, 477 U.S. at 248.

"Generally, debt actions are well suited for summary judgment. Because of the relative simplicity of the issues involved, suits to enforce promissory notes are among the most suitable

classes of cases for summary judgment." *Flagstar Bank, FSB v. Lyles*, 2017 WL 987448, at *3 (D.V.I. Mar. 14, 2017) (internal quotation marks and citations omitted). To succeed in a debt and foreclosure action, the plaintiff must prove three elements: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note. *See Brouillard v. DLJ Mortg. Capital, Inc.*, 63 V.I. 788, 793 (2015); *Anthony v. FirstBank Virgin Islands*, 58 V.I. 224, 229 (2013); *see also* 55 AM. JUR. 2D Mortgages § 604 (2019) (foreclosure requires a valid mortgage, default on part of mortgagor, and foreclosure in compliance with terms of contract).

Where there is no dispute that the mortgagor has failed to pay its obligations under the mortgage and the recorded mortgage is in a specified amount, then summary judgment is appropriate. *See Wilson v. Parisi*, 549 F. Supp. 2d 637, 655 (M.D. Pa. 2008) (summary judgment is proper when debtor admits that it has failed to pay the debt, and that the recorded mortgage is in the specified amount); *U.S. Bank National Association v. Chetty Limited Partnership*, 2018 WL 4300949 (E.D. Pa. Sept. 10, 2018) (same).

## B.    Default Judgment

In considering a motion for default judgment, the Court generally accepts as true any factual allegations contained in the pleadings relating to liability, although the Court may hold a hearing to determine damages or establish the truth of any allegation by evidence. *See* Fed. R. Civ. P. 55(b). Legal conclusions are not deemed admitted, nor are the extent and amount of damages claimed by a party. *See Star Pacific Corp. v. Star Atl. Corp.*, 574 F. App'x 225, 231 (3d Cir. 2014); *Service Employees Int'l Union Local 32BJ v. ShamrockClean, Inc.*, 325 F. Supp. 3d 631, 635 (E.D.

Pa. 2018).[5] Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Pieczenik v. Comm'r New Jersey Dept. of Envir. Protection*, 715 F. App'x 205, 208-09 (3d Cir. 2017). In the context of a grant of default judgment pursuant to Federal Rule of Civil Procedure 55, "'[t]he district court must . . . conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Star Pacific Corp.,* 574 F. App'x at 231 (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).

In addition to establishing the merits of the claims, a motion for default judgment must contain evidence, by affidavits and/or documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of [the] judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the [Servicemembers] Civil Relief Act.

*Bank of Nova Scotia v. Tutein*, 2019 WL 2656128 at *3 (D.V.I. June 27, 2019); *see also* Fed. R. Civ. P. 55(b). Additionally, the Court must assess three factors when determining whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to [defendant's] culpable conduct." *J&J Sports Productions, Inc. v. Ramsey*, 757 F. App'x 93, 95 n.1 (3d Cir. 2018) (citing *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000)).

---

[5] Although every well-pled factual allegation of the complaint, except those relating to damages, are deemed admitted, before entering a default judgment the Court must decide whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *J&J Sports Productions, Inc. v. Ramsey*, 757 F. App'x 93, 95 (3d Cir. 2018) (when allegations are insufficient to impose individual liability under the Copyright Act, default judgment was properly denied); *Harris v. Bennett*, 746 F. App'x 91, 94 n.5 (3d Cir. 2018) (when complaint failed to allege facts entitling plaintiff to relief, motion for default judgment properly denied).

## III.    DISCUSSION

### A.    Summary Judgment

LLP seeks summary judgment on its debt and foreclosure claims under the Modified Note, the Modified Mortgage, and the Guarantor Agreements against Comanche and the Estate of Mary Boehm, as well as to foreclose any claim of right to the property by the remaining Answering Defendants—the Boehm Defendants, Pickel, and Davis. In filing for summary judgment, LLP complied with LRCi 56.1(a)(1) by filing a Motion and a Statement of Undisputed Facts. The Answering Defendants largely fail to challenge any of LLP's undisputed facts and fail to comply with LRCi 56.1(b) in filing their responses. Instead, their responses are limited to legal arguments asserting that LLP's undisputed facts do not entitle it to judgment as a matter of law.

As noted above, LLP must show that the undisputed facts establish three elements: (1) Comanche executed a promissory note and mortgage; (2) Comanche is in default; and (3) LLP is authorized to foreclose on the property mortgaged as security for the note. *Brouillard v. DLJ Mortg. Capital, Inc.*, 63 V.I. at 793. The first two elements are not challenged by the Answering Defendants. Thus, the only issue is whether LLP is authorized to foreclose on the property.

In seeking to avoid summary judgment, Defendants Comanche and Pickel rely primarily on two grounds. First, they argue that LLP has failed to establish it is the "holder" of the Note rather than simply a contract assignee. Second, they argue that LLP has failed to comply with 28 V.I.C. § 531(b) (2012), which requires the parties to engage in a good faith effort to mediate and attempt to settle the dispute. (Dkt. No. 71 at 5-7). The Boehm Defendants subsequently joined in these arguments. (Dkt. No. 79).

### 1.   LPP's Status as Holder of the Note

In challenging LLP's standing, the Answering Defendants argue that LLP has failed to establish it is in "possession" of the note, a negotiable instrument, which they assert is necessary to provide LLP with the authority to enforce the Note as required by 11A V.I.C. § 1-201(a)(20) (defining "holder" under the Uniform Commercial Code) and 11A V.I.C. § 3-301 (identifying persons "entitled to enforce" a negotiable instrument). (Dkt. No. 71 at 2-5). "Since [the elements of standing] are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.* with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Gonzales v. North Township of Lake County*, 4 F.3d 1412, 1415 (7th Cir. 1993) (to be entitled to summary judgment, "plaintiff must produce evidence [of standing] in the form of Fed. R. Civ. P. 56(e) affidavits or documents . . . .").

A Note secured by a mortgage is a negotiable instrument under Article 3 of the Uniform Commercial Code ("UCC"). *JP Morgan Chase Bank, N.A. v. Murray*, 2013 Pa. Super. 55, 63 A.3d 1258, 1265 (2013). Under the UCC, a holder must have physical possession of the original negotiable instrument. Once an assignee has possession of the note and mortgage, that assignee can commence a foreclosure proceeding, even before a formal assignment of the mortgage is completed. *Wells Fargo Bank, N.A. v. MMDG L.P.*, 354 F. Supp. 3d 671, 677 (W.D. Pa. 2018). Thus, summary judgment can be avoided only if there is a disputed question of fact as to LLP's holder status, or "unexplained gaps" in materials submitted by the moving party to support its status as a holder of the Note. *Ingersoll-Rand Fin. Corp. v. Anderson*, 921 F.2d 497, 502 (3d Cir. 1990).

To argue that summary judgment is improper, Defendants rely heavily on *Murray,* where a Pennsylvania appellate court denied summary judgment in a foreclosure case because there was a genuine dispute as to whether the bank possessed the original Note. *Murray*, 63 A.3d at 1268. Defendants argue here that in LLP's motion, it fails to specifically identify LLP as a "'holder' of the note, or a 'non-holder in possession.'" (Dkt. No. 71 at 3).

Defendants' reliance on *Murray* is misplaced. *Murray* is inapt because in that case, there had been several assignments of the Note underlying the foreclosure action. Those assignments raised issues of fact due to inconsistencies in the names of various assignors and assignees, *id.* at 1258-59, as well as the alleged acquisition of the Note by different holders through various bank mergers. *Id.* at 1262.

Moreover and more importantly, Defendants have not contested LLP's Statement of Material Facts, including LLP's assertion that "[t]he Note, the Note Modification, the Mortgage, the Mortgage Modification, and the Guarantees of Dick Boehm and Mary Boehm, as amended, [were] assigned by the SBA to [LLP]," nor have they contested the validity of the document reflecting that assignment. (Dkt. Nos. 1-11; 66 at ¶ 10). Further, the Declaration of the Portfolio Manager identifies the Notes, Mortgages, Guarantees, and Assignment documentation attached to the Motion. (Dkt. 66-1 at ¶¶ 3-13).[6] Finally, as additional support for its claim to standing,

---

[6] The Boehm Defendants challenge the credibility of the Portfolio Manager's original Declaration by asserting that the declarant did not establish how long he worked for the loan servicing agent or whether his knowledge went beyond a "cold review" of LLP's file for the mortgage. (Dkt. No. 78 at 6). This argument fails to create a genuine issue of material fact regarding the Portfolio Manager's assertions that bear on LLP's possession of the Note. *Cf. LLP Mortgage, Ltd. v. Ferris*, 2014 WL 2459802, at *6 (D.V.I. June 2, 2014) (debtor's unsubstantiated belief that the principal loan balance was erroneous was insufficient to defeat summary judgment supported by declarations and affidavits showing amount owed and account's payment history).

LLP provided a second Declaration from the Portfolio Manager which asserts that the original

Note and Modified Note "are in the physical possession of LLP's servicing agent and could be

inspected at any time." (Dkt. No. 77-1 at ¶¶ 3-5). Defendants have not responded to this Second

Declaration or raised any challenges to its assertions.

In view of the foregoing, the Court finds that Defendants have failed to raise any genuine

issue of material fact as to LLP's status as the holder of the Note. Accordingly, Defendants'

challenge to summary judgment on this ground fails.

### 2.  Alleged Failure to Mediate

As its second defense to LLP's Motion, Defendants assert that LLP has failed to comply

with 28 V.I.C. § 531(b) which mandates that "*[p]rior to the entry of foreclosure*, the parties must

provide the Court with evidence that a good faith effort was made to settle the matter through

mediation." (emphasis added) (Dkt. No. 71 at 6-8). Defendants argue that the mediation

requirement  under Virgin Islands law should be honored under the *Erie* doctrine. *Id.* at 6.

Whether 28 V.I.C. § 531(b) applies to cases filed in District Court involving federal

agency-generated loans is questionable,[7] but it need not be resolved under the circumstances here.

As Comanche has noted in opposing summary judgment, the parties were ordered to engage in

mediation pursuant to LRCi 3.2(c)(1), and mediation was scheduled by the time Comanche's

response was filed. (Dkt. Nos. 58, 71 at 7). The record reflects that the mediation did, in fact, take

place, and that "good progress" was made at the initial meeting. (Dkt. No. 83). LLP's counsel even

---

[7]*Eric Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938) ("except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state."); *but see Clearfield Trust Co. v. United States*, 318 U.S. 363 (1943) (the *Erie* doctrine does not apply to the duties of the United States relating to commercial paper; those rights and duties are governed by federal law).

requested assistance in scheduling additional mediation due to the number of parties. (Dkt. No. 90). Several months later, however, the mediator advised the Court that the parties ultimately were unable to agree upon terms and that the matter had reached a total impasse. (Dkt. No. 97-1).

Thus, even if 28 V.I.C. § 531(b) were to apply, its mediation requirement has been satisfied. Accordingly, the Court finds that Comanche and those Defendants joining its opposition to the Motion for Summary Judgment have failed to establish that a genuine issue of material fact exists as to the mediation issue. Accordingly, the challenge grounded in an alleged failure to mediate is rejected.

### 3. Timeliness of the Claims

In an additional argument, the Boehm Defendants claim that summary judgment is improper because LLP has failed to establish that its action was timely filed. The Boehm Defendants assert that, because LLP failed to establish when Comanche's breach occurred, it cannot show, as a matter of law, that the action is not barred by the six-year statute of limitation under 11A V.I.C. § 3-118—the local statute of limitations that applies when seeking to enforce the payment of a note.[8] These Defendants argue that because LLP failed to specify when the

---

[8] The Third Circuit has held that federal law controls the statute of limitations relating to government loans, even those assigned to non-governmental entities. *See UMLIC VP LLC v. Matthias, et. al*, 364 F.3d 125 (3d Cir. 2004) (following majority rule that assignee of SBA loans steps into SBA's shoes and federal law determines the statute of limitations for enforcement of claims). Both federal and local law provide a six-year statute of limitations for collecting on the Note. *See* 28 U.S.C. § 2415 (statute of limitations on government monetary claims based upon contract); 11A V.I.C. § 3-301 (statute of limitations to collect on negotiable instruments such as promissory notes). Moreover, the statutes of limitations are even longer the *in rem* foreclosure claim. *Compare UMLIC VP LLC*, 364 F.3d at 134-35 (holding there is no federal statute of limitations for *in rem* claims by the United States to foreclose on mortgages) *with* 5 V.I.C. § 31(1)(A) (actions for the recovery of real property must be commenced within 20 years of accrual of the claim).

breach occurred or when the notice of default was sent in its Statement of Undisputed Facts, genuine issues of material fact preclude summary judgment in this case. (Dkt. No. 78 at 5-8). LLP's response to this contention is that the mortgagor—Comanche—did not dispute the default and acceleration of the Note and Mortgage, and that Defendants did not present any evidence contradicting LLP's Portfolio Manager's Declarations. (Dkt. No. 80 at 1-2).

The Boehm Defendants face various insurmountable hurdles in pursuing this argument. The Court notes that the only Answer filed by the Boehm Defendants[9] failed to raise the statute of limitations as an affirmative defense. (Dkt. No. 21). An affirmative defense not raised in the initial responsive pleading constitutes a waiver of that affirmative defense. *See* Fed. R. Civ. P. 8(c)(1); *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (an affirmative defense such as statute of limitations is waived unless affirmatively pled in an answer); *McAlarney v. Roy's Construction, Inc.*, 2019 WL 1433760 (D.V.I. March 29, 2019) (statute of limitations is an affirmative defense that is waived if not raised) (citing *Ford v. Temple Hospital*, 790 F.2d 342, 348-49 (3d Cir. 1986)). Thus, the statute of limitations is not available as a defense.

Even assuming that the statute of limitations could be asserted as a defense, it would still fall short of preventing the entry of summary judgment because the Boehm Defendants misunderstand their burden when raising an affirmative defense under Rule 56. As discussed above, LLP has presented undisputed facts that Comanche executed the promissory note and mortgage, it is in default, and that LLP has authority to foreclose. LLP is not required to prove that Comanche's breach occurred within the relevant statute of limitations.

---

[9] *See supra* note 2 (discussing the failure of the Mary Boehm Estate and Dick Boehm Enterprises, Inc. to file Answers on their own behalf).

Because LLP has met the burden of establishing the elements of its claim, the non-moving party "must set forth specific facts showing a genuine issue for trial and may not rest upon mere allegations, general denials, or . . . vague statements." *Patterson v. Glory Foods, Inc*., 555 F. App'x. 207, 211 (3d Cir. 2014) (citation omitted); *see also* Fed. R. Civ. P. 56(c). In *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), the Supreme Court stated:

> "[T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, *and on which that party will bear the burden of proof at trial*."

*Id*. at 322 (emphasis added).

Under both federal and Virgin Islands law, the burden of proving an affirmative defense in a civil case is on the party raising the defense. *See, e.g*., *Hughes v. United States*, 263 F.3d 272, 278 (3d Cir. 2001) (under Federal Tort Claims Act, failure to comply with the statute is "an affirmative defense which the defendant has the burden of establishing"); *Peter Bay Owners Assn., Inc. v. Stillman*, 58 F. Supp. 2d 647, 650 (D.V.I. 1999) (in property dispute, party raising statute of limitations defense has the burden of proving limitations period has expired); *Edward v. GEC, LLC*, 67 V.I. 745, 757 (V.I. 2017) (statute of limitations is an affirmative defense which must be proven by the defendant). Thus, under *Celotex*, the Boehm Defendants—who are relying upon an affirmative defense to defeat a summary judgment motion—must present *evidence* which establishes that there is a genuine issue of material fact as to whether the action was filed outside the statute of limitations. *Celotex*, 477 U.S. at 323. A party resisting summary judgment cannot expect to rely on the bare assertions or mere cataloguing of affirmative defenses. *Gans v. Mundy*, 762 F.2d 338, 340 (3d Cir.), *cert. denied*, 474 U.S. 1010 (1985). Likewise, the party opposing a motion for summary judgment "must do more than simply show that there is some metaphysical

doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Thus, even if this Court were to find that the Boehm Defendants could assert a statute of limitations defense, the bald assertion that the claims *might* be barred by the statute of limitations—a mere allegation devoid of factual support—is not sufficient to defeat summary judgment. *United States v. Cosky*, 2018 WL 3388300, at *2 (D.N.J. July 12, 2018). The prevailing law in the Third Circuit and the Virgin Islands compels a finding that, in raising the statute of limitations defense in response to a motion for summary judgment, the defendant bears the burden of showing *facts* that establish that there is a genuine issue as to whether the plaintiff's claims are barred.

In this case, the Boehm Defendants cite to no facts. In his Declaration, however, LLP's Portfolio Manager describes breaches of the Notes' terms when LLP had to pay for delinquent property taxes in 2012 and forced place flood insurance for the property in 2014 and 2015. (Dkt. No. 66-2 at 2, 5). These defaults occurred within the six-year statute of limitations cited by the Boehm Defendants.[10] The Boehm Defendants' mere reliance on the date the contract was executed is insufficient to raise a colorable factual question relating to a statute of limitations defense.

---

[10] The Court takes judicial notice of its own records which show that an earlier foreclosure action on Comanche's Notes and Mortgages was dismissed without prejudice in December 2009. *LLP Mortgage Ltd. v. Club Comanche, Inc.*, Civil Case No. 2009-cv-0073 (Dkt. No. 14). *See* Fed. R. Evid. 201(b)(2); *see also Jones v. Lapina*, 450 F. App'x 105, 108 (3d Cir. 2011) ("A court may take judicial notice of the record from a previous court proceeding between the parties.") The instant action was filed on September 12, 2014. Thus, even assuming that the Boehm Defendants could somehow overcome the hurdles discussed above and a six-year statute of limitations applies, the five-year interval between the dismissal of the earlier action and the institution of the instant action would seem to leave no basis for raising a genuine issue of material fact as to a statute of limitations defense.

In sum, because Defendants' various arguments opposing the Motion for Summary Judgment are insufficient to create a genuine issue of material fact, LLP is entitled (1) to judgment as a matter of law on its debt and foreclosure claims against Comanche and the Estate of Mary Boehm, and (2) to foreclose any interests or claims against the property asserted by Comanche, the Boehm Defendants, Pickel and Davis.

### B.    Default Judgment

Several of the Defendants served by LLP never filed an answer to the Complaint. The Clerk of Court has previously entered Default as to Defendants Donovan M. Hamm, Jr., Executor of the Estate of Richard J. Boehm; James McNamara, Trustee of the Frank McNamara Revocable Trust, Successor in Interest to Frank McNamara; Florence McDonnell; and Appleglen Investor, L.P. (Dkt. Nos. 50-52, 63). In addition, none of these parties has responded to LLP's Motion for Summary Judgment and for Default Judgment.

LLP has satisfied all of the requirements necessary to obtain a default judgment against the Defaulting Defendants. As discussed above, LLP's pleadings and subsequent filings establish all the elements necessary to enforce the Note and foreclose on the property. In addition, the record shows that the Defaulting Defendants have been validly served with all pleadings but have not appeared. (Dkt. Nos. 23, 25, 27, 35, 66-4). With regard to the only Defaulting Defendant who is an individual, counsel's Declaration establishes a reasonable basis to conclude that Ms. McDonnell is competent and is not a minor.[11] LLP also has filed a sufficient affidavit establishing

---

[11] *See FirstBank Puerto Rico v. Jaymo Properties, LLC*, 379 F. App'x 166, 170 (3d Cir. 2010) (affidavit stating in good faith that defendant was a competent adult is sufficient to find that a defaulting defendant is not a minor or incompetent person for purposes of default judgment); *Bank of Nova Scotia v. Robinson*, 2018 WL 1513269, at *3 (D.V.I. March 27, 2018) (same).

Ms. McDonnell is not a member of the military service as required by 50 U.S.C. § 3931(b)(1)(A). (Dkt. No. 48-2 at 3). Likewise, LLP has shown that default was entered against the Defaulting Defendants by the Clerk of Court. (Dkt. Nos. 50-52, 63). Further, LLP has shown with specificity how it calculated the amount of monies due on the account by providing the Declaration of Miguel Alvarez which sets forth the outstanding principal and interest, as well as other expenses incurred by LLP in protecting the property, with accompanying exhibits. (Dkt. Nos. 66-1, 66-2). The Court is also satisfied with LLP's efforts to determine whether there were any other heirs, devisees, grantees, assignees, lienholders, creditors, or other persons who may claim an interest in the Property. (Dkt. No. 66-4).

In applying the factors under *Chamberlain*, the Court finds that the prejudice to LLP resulting from Comanche's breach of its contractual obligations and the Defaulting Defendants' failure to dispute the priority of LLP's claims to the property, together with the apparent absence of a litigable defense, weigh in favor of the Court granting default judgment. In addition, the Defaulting Defendants' culpable conduct is evidenced by their refusal to respond to the Complaint. *See World Ent'mt Inc. v. Brown*, 487 F. App'x 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc.*, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint).

In view of the foregoing, LLP's Motion for Default Judgment will be granted against Defendants Donovan M. Hamm, Jr., Executor of the Estate of Richard J. Boehm; James McNamara, Trustee of the Frank McNamara Revocable Trust, Successor in Interest to Frank McNamara; Florence McDonnell; and Appleglen Investor, L.P.

### C.     Indebtedness

None of the parties responding to the Motion for Summary Judgment and Default Judgment disputes the evidence submitted by LLP in support of the amount of indebtedness. Further, LLP has explained to the Court's satisfaction how it calculated the amounts owed. Accordingly, LLP is entitled to a judgment against Comanche and its guarantors, Richard M. Boehm as Administrator of the Estate of Mary Boehm, and Donovan M. Hamm, Jr., as Executor of the Estate of Richard J. Boehm, in the amount of $214,149.63 in unpaid principal, plus unpaid interest through June 2, 2015 of $12,626.02; additional accrued interest from June 3, 2015 through August 12, 2020 in the amount of $44,546.06; for insurance and tax advances totaling $10,011.67 through June 2, 2015; Title Search Fees of $150.00; Regulatory Data Base review costs of $300.00; Broker Price Opinion Costs of $300.00; and Electronic Data Base Search Fees totaling $652.50, for a total indebtedness of $282,735.88.[12]

Likewise, LLP is entitled to foreclose on its lien, which has first priority over all liens and claims subsequent and inferior to its Mortgages dated August 1, 1991 and June 16, 1992.

### D.     Attorneys' Fees, Costs and Expenses

In a separate "Motion for Award of Costs and Attorney's Fees" (Dkt. No. 67), LLP requests that the Court award attorneys' fees and costs under 5 V.I.C. § 541, 28 U.S.C. § 1920, and the terms of the underlying loan documents in this case. Specifically, LLP requests attorneys' fees in the amount of $18,490.50 and costs of $1,544.60, for a total award of $20,035.10. *Id.* at 1. (Dkt. No. 1-2 at 11). LLP also seeks $1,557.64 in attorneys' fees for the services of counsel in New Mexico who reviewed the status and impact of Defendant Pickel's bankruptcy proceeding filed in

---

[12] Fees for the services of counsel in New Mexico who was consulted regarding Defendant Pickel's bankruptcy are considered in Section III.D. below.

New Mexico. Comanche filed a response—in which Pickel joined—arguing that the Motion for Attorneys' Fees is "grossly premature and unjustifiably presupposes that LLP will be the prevailing party." Neither Comanche nor Pickel addresses the reasonableness of the rates and hours claimed by LLP. (Dkt. Nos. 72, 74).

Title 5 of the Virgin Islands Code, Section 541(b), governs the award of attorneys' fees in the Virgin Islands. The statute states, in pertinent part: "The measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties . . . ." 5 V.I.C. § 541(b). Under both the terms of the Note and Mortgage, the Bank may recover "reasonable" attorneys' fees. (Dkt. Nos. 1-3 at 3; 1-4 at 3). The Court will look to the body of case law interpreting 5 V.I.C. § 541(b) for guidance in assessing what attorneys' fees may be "reasonable." *See Phillips v. FirstBank Puerto Rico*, 2018 WL 1789546, at *3 (D.V.I. April 12, 2019) (observing that the inclusion of attorneys' fees within the definition of reasonable costs is derived from § 541).

The Third Circuit undertakes a two-step inquiry when examining the reasonableness of attorneys' fees. First, the Court determines whether the hourly rate sought is reasonable, in comparison to prevailing market rates in the relevant community "for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001); *Williams v. Ranger American of V.I., Inc.*, 2017 WL 2543923 at *1 (D.V.I. June 12, 2017). In addition, the Court must determine whether the hours billed were "reasonably expended," and exclude any time billed that is found to be "excessive, redundant, or otherwise unnecessary." *Phillips*, 2018 WL 1789546 at *3 (*quoting Flagstar Bank, FSB v. Stidiron*, 2013 WL 5941298 at *6 (D.V.I. Oct. 31, 2013)).

With respect to New Mexico counsel's fees, LLP has presented the Declaration of Thomas D. Walker, Esq., explaining the services provided, the hourly rates of himself and his

associate ($250.00 and $175.00, respectively), and the time expended in providing the services. (Dkt. No. 66-3). Upon review of this Declaration, the Court finds that Attorney Walker's fees, and that of his firm, are reasonable. Accordingly, those fees—totaling $1,557.64—will be allowed.

In reviewing the work of Virgin Islands counsel, the Court finds that most of the 69.10 hours billed for the legal work on this case were reasonably expended. Counsel was required to address a number of subordinate liens and potential claims recorded against the property. (Dkt. No. 66-4 at 3-78). Moreover, in drafting the Complaint, counsel was required to address questions regarding the corporate status of Dick Boehm Enterprises, Inc. (Dkt. No. 67-1 at 9, 11), the impact of prior bankruptcy proceedings involving Defendant Pickel (Dkt. No. 66-3), and the death of guarantor Mary Boehm shortly before the action was filed. (Dkt. No. 67-1 at 7-8).

Despite these issues, the Court will make three reductions. First, under 5 V.I.C. § 541, the prevailing view is that paralegal fees are not recoverable but instead constitute overhead costs for law firms. *See, e.g., Roy v. Poleon*, 2018 WL 6721399, at *3 (V.I Super. Dec. 14, 2018) (citing various Superior Court opinions disallowing such fees).[13] Absent clear language in the contract, this Court generally has followed the Superior Court in disallowing paralegal fees. *See*

---

[13] The Court acknowledges that there are inconsistent opinions in both the District Court and the Superior Court on this issue, but the prevailing view in the Superior Court still appears to disallow these costs as overhead. *See, e.g.*, *Kokinda v. Thelusma*, 2017 WL 3612352, at *3 (V.I. Super. Aug. 18, 2017) (paralegal fees not recoverable under 5 V.I.C. § 541); *Gov't of the V.I., Dep't of Educ. v. St. Thomas/St. John Educ. Admr's Ass'n Local 101*, 2017 WL 3379568, at *2 (V.I. Super. Aug. 1, 2017) (rejecting claims for work performed by paralegals and non-attorney staff as the claims are part of normal overhead costs); *Creative Minds, LLC v. Reef Broadcasting, Inc.*, 2014 WL 4908588, at *4 (V.I. Super. Sept. 24, 2014) (disallowing paralegal fees as overhead); *Mahabir v. Heirs of George*, 2014 WL 1392954, at *1 (V.I. Super. April 4, 2014) (same); *Chapa v. Sepe*, 2013 WL 8609242, at *1 (V.I. Super. June 3, 2013) (finding no authority for the awarding of fees for paralegals); *In re Estate of Vialet*, 24 V.I. 16, 27 (V.I. Terr. 1988); *but see In re Estate of Benjamin*, 70 V.I. 110, 117-18 (V.I. Super. Feb. 21, 2019) (citing District Court opinion finding that the term "attorneys' fees" embraces paralegal fees).

*United States v. Woods*, 2016 WL 6471448, at *10 (D.V.I. Oct. 31, 2016) (noting that the Court would follow the lead of local courts in disallowing paralegal fees). *Cf. Bank of Nova Scotia v. Robinson*, 2018 WL 151326, at *4 (March 27, 2018) (paralegal fees allowed because contract specifically defined "attorney's fees" to include time billed by paralegals and law clerks). Consequently, the 1.6 hours billed for Paralegal Enda Hamilton at $55.00 per hour is disallowed, reducing the fee request by $88.00.

In addition, the Court will reduce the billing of 14.9 hours for preparation of the Motion for Summary Judgment and Default Judgment. The Statement of Undisputed Facts and accompanying Declarations of Counsel and the Portfolio Manager were taken nearly verbatim from the original Complaint. In addition, little legal analysis or legal authority was included in the Motion. Consequently, the Court will disallow 5 hours from the time billed by Attorney Warren Cole, resulting in a reduction of $1,375.00. Further, in light of the time allowed for counsel's pre-Complaint preparation, the Court will reduce the time spent by counsel preparing summonses and filing the returns of the same (3.5 hours) and preparing the motions for entries of default (6.2 hours). Accordingly, the Court will reduce Attorney Cole's billable time by another 1.6 hours and Attorney Elise Catera's billable time by 1.5 hours, resulting in a reduction of $777.50.

As for the second factor, Virgin Islands courts "have generally concluded that a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour." *Williams*, 2017 WL 2543923 at *2. The Court therefore concludes that the $275.00 per hour rate charged for Attorney Cole is reasonable and falls within the scope of rates for such services. Likewise, the billing rate of $225 per hour for Attorney Catera is reasonable. (Dkt. No. 67-1, ¶ 2). Thus, the

Court will award attorneys' fees in the amount of $16,250.00 for Attorney Cole's firm and $1,557.64 for Attorney Walker's firm, for a total of $17,807.64.

With regard to costs and expenses, under the terms of the Mortgage and Note, Comanche agreed to "pay all expenses of any nature, whether incurred in or out of court . . . in connection with the satisfaction of the indebtedness . . .." (Dkt. 1-3 at 2); *see also* (Dkt. 1-4 at ¶ 4). In order for costs to be reimbursed, they must be reasonable. *Galt Capital, LLP v. Seykota*, 2007 WL 4800135, at *2-3 (D.V.I. Dec. 20, 2007) (opining that Virgin Islands fee-shifting statute permits reimbursement for "reasonable" fees and costs). LLP is seeking reimbursement of $1,544.60[14] for expenses and costs including the filing fee, an updated title search, recording fees, copies of corporate documents, and process server fees for the multiple defendants. (Dkt. No. 12-1 at 2). The Court finds that the expenses and costs incurred are reasonable. *See Matrix Financial Services Corp. v. Laurent*, 2016 WL 2757698, at *6. However, postage costs ($25.35) are considered part of "overhead" and are not reimbursable. *See Creative Minds, LLC v. Reef Broadcasting, Inc.*, 2014 WL 4908588, at *1 (V.I. Super. Sept. 24, 2014). Accordingly, the Court will subtract the postage costs and award costs and expenses in the amount of $1,519.25.

## IV.   CONCLUSION

LLP has satisfied the requirements necessary for entry of summary judgment against defendants Club Comanche, Inc.; Richard M. Boehm, as Administrator of the Estate of Mary Boehm; Richard M. Boehm, individually; Mark E. Davis; and Dick Boehm Enterprises, Inc. LLP also has shown it is entitled to a default judgment against Defendants Donovan M. Hamm, Jr.,

---

[14] The Court notes that Exhibit B, which itemizes the costs claimed, does not include invoices supporting all of the items listed. (Dkt. No. 67-1) Counsel is reminded that pursuant to LRCi 54.1(b), a bill of costs must be accompanied by copies of invoices in support of the costs requested.

Executor of the Estate of Richard J. Boehm; James McNamara, Trustee of the Frank McNamara

Revocable Trust, Successor in Interest to Frank McNamara; Florence McDonnell; and Appleglen

Investor, L.P.

Accordingly, the "Motion of LLP Mortgage, [Inc.] for Summary Judgment and Default

Judgment" (Dkt. No. 60) will be granted. The Court will enter judgment against Comanche and

the Estates of Richard J. Boehm and Mary Boehm in the amount of $214,149.63 in unpaid

principal, plus unpaid interest through June 2, 2015 of $12,626.02; additional accrued interest

from June 2, 2015 through August 12, 2020 in the amount of $44,546.06; insurance and tax

advances totaling $10,011.67 through June 2, 2015; Title Search Fees of $150.00; Regulatory

Data Base review costs of $300.00; Broker Price Opinion Costs of $300.00; and Electronic Data

Base Search Fees totaling $652.50, for a total indebtedness of $282,735.88. Likewise, LLP's

"Motion for Award of Costs and Attorney's Fees" (Dkt. No. 67) will be granted in part, in the

amount of $16,250 in local attorneys' fees and $1,519.25 in costs and expenses, plus additional

attorneys' fees for New Mexico counsel in the amount of $1,557.64, for a total award of

$19,326.89.

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: August 12, 2020                                    _____/s/_____
                                                         WILMA A. LEWIS
                                                         Chief Judge