DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| LPP MORTGAGE, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CLUB COMANCHE, INC.; RICHARD M. ) <br> BOEHM, AS ADMINISTRATOR OF THE ) <br> ESTATE OF MARY BOEHM, DECEASED; ) <br> DONOVAN M. HAMM, JR., AS EXECUTOR ) <br> OF THE ESTATE OF RICHARD J. BOEHM, ) <br> DECEASED; RICHARD M. BOEHM a/k/a ) <br> RICHARD "DERRYCK" BOEHM; MARK E. ) <br> DAVIS; JAMES MCNAMARA, AS TRUSTEE ) <br> OF THE JAMES MCNAMARA REVOCABLE ) <br> TRUST, SUCCESSOR IN INTEREST TO ) <br> FRANK MCNAMARA; DICK BOEHM ) <br> ENTERPRISES, INC.; FLORENCE ) <br> MCDONNELL; CITIZEN BANK OF LAS ) <br> CRUCES; APPLEGLEN INVESTOR, LP; & ) <br> JACK D. PICKEL, ) <br> ) <br> Defendants. ) <br> _____) | Civil Action No. 2014-0057 |

**Appearances:**
**Warren B. Cole, Esq.,**
St. Croix, U.S.V.I.
    *For Plaintiff*

**Shari N. D'Andrade, Esq.,**
St. Thomas, U.S.V.I.
**Edward L. Barry, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Club Comanche, Inc.*

**Martial A. Webster, Sr., Esq.**,
St. Croix, U.S.V.I
    *For Defendants Richard M. Boehm, as Administrator*
    *of the Estate of Mary Boehm, Deceased and*
    *Dick Boehm Enterprises, Inc.*

**Mark E. Davis,** *Pro Se*

**Scot F. McChain, Esq.,**
St. Croix, U.S.V.I.
  *For Defendant Jack D. Pickel*

**MEMORANDUM OPINION**

**Lewis, District Judge**

  THIS MATTER comes before the Court on Plaintiff LPP Mortgage, Ltd.'s ("Plaintiff") "First Supplemental Motion for Award of Costs and Attorney's Fees" ("First Supplemental Motion") (Dkt. No. 122); "Amendment to First Supplemental Motion for Award of Costs and Attorney's Fees" (Dkt. No. 133); and "Second Supplemental Motion for Award of Costs and Attorney's Fees" ("Second Supplemental Motion") (Dkt. No. 134). For the reasons that follow, the Court will grant in part and deny in part Plaintiff's First Supplemental Motion and will grant the Second Supplemental Motion.

**I.  FACTUAL BACKGROUND**

  On September 12, 2014, Plaintiff commenced this action for debt and foreclosure of a mortgage on real property. (Dkt. No. 1). On August 12, 2020, the Court entered Judgment, which was thereafter amended, awarding Plaintiff $302,062.77 in principal, accrued unpaid interest, recoverable expenses, and post-Judgment interest accruing at the statutory rate pursuant to 28 U.S.C. § 1961(a) from August 12, 2020 until Judgment is satisfied.[1] (Dkt. Nos. 105, 109). The Amended Judgment also provides that Plaintiff may seek an additional award of attorneys' fees, costs, and expenses upon appropriate application with the Court at any time prior to entry of an Order confirming the sale of the Property. (Dkt. No. 109 at 3).

  On May 19, 2021, Plaintiff filed a "Notice of Publication" advising the Court that proper notice of the Marshal's Sale had been published and the sale of the foreclosed property was

---

[1] The Amended Judgment included an award of attorneys' fees in the amount of $19,326.89. (Dkt. No. 109 at 3).

scheduled for May 27, 2021. (Dkt. Nos. 117, 117-1). On the same day that the Notice was filed, Defendant Club Comanche ("Club Comanche") filed a Notice informing the Court that it had filed for bankruptcy in the Bankruptcy Division of the District Court of the Virgin Islands. (Dkt. No. 118). The Magistrate Judge then issued an Order staying the instant proceeding pursuant to the automatic stay provision of the Bankuptcy Code. (Dkt. No. 119). The matter remained stayed until September 2021 when Plaintiff notified the Court that Club Comanche's bankruptcy action had been dismissed at Club Comanche's request. (Dkt. Nos. 120, 121).

Following the lifting of the bankruptcy stay, Plaintiff filed its First Supplemental Motion. (Dkt. No. 122). In that Motion, Plaintiff seeks a total amount of $34,714.20, consisting of attorneys' fees of $11,687.50; statutory costs of $262.34; and costs recoverable under the terms of the Note and Mortgage—publication costs and force-placed flood insurance—in the amount of $22,764.36. (Dkt. No. 122-1 at 3).[2]

Thereafter, on October 27, 2021—the eve of the Marshal's Sale—Club Comanche filed an "Emergency Motion to Deposit Funds in Court Registry to Satisfy Judgment and to Cancel Marshal's Sale" ("Emergency Motion"). (Dkt. No. 125). In its Emergency Motion, Club Comanche sought: 1) leave to deposit $350,000 in the Court's Registry, stating that such amount would "more than satisf[y] the Amended Judgment, plus statutory post judgment interest, plus the amounts sought in the pending Supplemental Motion for Award of Costs and Attorneys' Fees"; and 2) cancellation of the Marshal's Sale. *Id.* at 3. Club Comanche also noted that while it sought to satisfy the Amended Judgment, Plaintiff "unreasonably refuse[d] to provide the updated

---

[2] On November 29, 2021, Plaintiff filed an "Amendment to First Supplemental Motion for Award of Costs and Attorney's Fees" ("Amendment") stating that Plaintiff's counsel made a clerical error in the First Supplemental Motion regarding the amount of fees paid to the U.S. Marshal. (Dkt. No. 133). Plaintiff seeks to amend the statutory costs in the First Supplemental Motion by $0.10 from $262.24 to $262.34 because the receipts reflect this total.

indebtedness" in response to Club Comanche's request for that information. *Id*. The Court granted the Motion, cancelled the Marshal's Sale, and ordered Club Comanche to deposit a certified check in the amount of $350,000 with the Clerk of Court. (Dkt. No. 126).

Following the cancellation of the Marshal's Sale, Plaintiff filed a Second Supplemental Motion for Award of Costs and Fees. (Dkt. No. 134). In that Motion, Plaintiff requests $5,060.00 in attorneys' fees incurred by Plaintiff subsequent to September 30, 2021 that are mainly associated with preparation for the Marshal's Sale and the activities surrounding its eventual cancellation. *Id*.

On December 21, 2021, the Court granted Plaintiff's Motion for Interim Distribution of Funds (Dkt. No. 137), ordering the Clerk of Court to distribute $302,597.54[3] from the funds deposited by Club Comanche in satisfaction of the Court's Amended Order and Judgment. (Dkt. No. 140). To date, $47,402.46 remains in the Court's Registry.

In its Opposition, Club Comanche argues that the additional attorneys' fees requested in Plaintiff's Second Supplemental Motion are unreasonable.[4] (Dkt. No. 135). Club Comanche alleges that beginning on October 22, 2021—six days prior to the Marshal's Sale—Club Comanche sought to satisfy the Amended Judgment and contacted Plaintiff's counsel by email and telephone to obtain the satisfaction amount. *Id*. at 2. Club Comanche asserts that despite its efforts Plaintiff's counsel refused to provide the satisfaction amount and moved forward with its preparation for the Marshal's Sale. *Id.* Accordingly, Club Comanche objects to the fees requested in Plaintiff's Second Supplemental Motion on the grounds that Plaintiff acted in bad faith in

---

[3] This amount consisted of the amount of Judgment entered, totaling $302,062.77, plus post-Judgment interest at 0.13% per annum from August 12, 2020 through December 21, 2021. (Dkt. No. 140).

[4] Club Comanche did not file an opposition to the First Supplemental Motion.

4

refusing to provide the satisfaction amount and continuing with preparation for the Marshal's Sale. *Id.* at 4.

In its Reply, Plaintiff rejects Club Comanche's assertions that it unreasonably seeks attorneys' fees and costs in its Second Supplemental Motion. (Dkt. No. 136). Instead, Plaintiff asserts that it reasonably incurred such fees and costs because Club Comanche had "merely asked" for the payoff calculation to satisfy the Amended Judgment the day prior to the Marshal's Sale; Club Comanche did not tender money to satisfy the Amended Judgment amount nor did it corroborate its ability make such tender; the amount needed to satisfy the Amended Judgment remained unclear considering there were pending supplemental motions for attorneys' fees and costs and potential additional attorneys' fees and costs that could be incurred; and it would have been impractical to accept and receive the full satisfaction for the amounts owed to Plaintiff in the less than 24-hour time span between Club Comanche's email and the Marshal's Sale. *Id.* at 2-5.

## II.   APPLICABLE LEGAL PRINCIPLES

The Virgin Islands statute governing attorneys' fees provides, in pertinent part: "The measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties …." 5 V.I.C. § 541(b). The Supreme Court of the Virgin Islands has held, however, that "although a fee arrangement for legal services is a matter of contract between the client and the attorney, courts will enforce only reasonable attorneys' fees, even if the contract itself is otherwise enforceable." *Rainey v. Hermon*, 55 V.I. 875, 880-81 (V.I. 2011); *see also Abramovitz v. Lynch*, Civil Action No. 2005-92, 2007 WL 1959164, at *1 (D.V.I. June 26, 2007) (courts should not enforce contractual provisions that allow unreasonable attorneys' fees); *Yearwood Enterprises, Inc. v. Antilles Gas Corp.*, 2017 WL 6316625, at *3 n.21 (V.I. Super. Dec. 5, 2017) ("Regardless of whether the relief is awarded under V.I. R. Civ. P. 54 or 5 V.I.C. § 541(b), the Court must consider whether the attorneys' fees and costs are reasonable"). In addition, the Virgin Islands

5

Rules of Professional Conduct forbid any attorney from making any agreement for or charging "unreasonable fee[s]" or expenses. V.I. Sup. Rule 211.1.5(a).

"To determine a fair and reasonable award of attorneys' fees under 5 V.I.C. § 541(b), the Court considers factors including the time and labor involved, skill required, customary charges for similar services, benefits obtained from the service and the certainty of compensation." *United States v. Woods,* Civil Action No. 2014-0111, 2016 WL 6471448, at *9 (D.V.I. Oct. 31, 2016) (quoting *Staples v. Ruyter Bay Land Partners*, LLC, Civil Action No. 2005-0011, 2008 WL 413308, at *1 (D.V.I. Feb. 6, 2008) (citing cases)). Generally, when evaluating the reasonableness of a claim for attorneys' fees, the court undertakes a two-step analysis. First, the court determines whether the hourly rate sought is reasonable in comparison to prevailing market rates in the relevant community "for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Williams v. Ranger American of V.I., Inc.*, Civ No. 14-00017, 2017 WL 2543293, at *1 (D.V.I. June 12, 2017) (citing *Baumann v. Virgin Islands Water & Power Auth.*, Civ. No. 13-02, 2016 WL 1703312, at *1 (D.V.I. Apr. 27, 2016)); *see also Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001) (determining appropriate hourly rate by comparing the experience and skill of prevailing party's attorneys with that of local attorneys with comparable skill, experience, and reputation). The second step requires the court to decide whether the total hours billed were "reasonably expended," excluding time billed that is "excessive, redundant, or otherwise unnecessary." *Phillips v. FirstBank Puerto Rico*, Civ. No. 13-105, 2018 WL 1789546, at *3 (D.V.I. Apr. 12, 2018) (quoting *Flagstar Bank, FSB v. Stridiron*, Civil Action No. 2011-046, 2013 WL 5941298, at *6 (D.V.I. Oct. 31, 2013)). "Excessiveness of time spent in light of an applicant's expertise is a legitimate reason for reducing a fee award." *Borrell v. Bloomsburg University*, 207 F. Supp. 3d 454, 514 (M.D. Pa. 2016). In addition, the court must also consider,

*inter alia*, the relative simplicity or complexity of the case and the quality of the counsel's moving papers. *Bank of St. Croix, Inc. v. Bay Ests. Grp. Ltd. Liab. Ltd. P'ship*, Civil Action No. 2014-0075, 2020 WL 1695687, at *9 (D.V.I. Apr. 6, 2020); *Gillespie v. Dring, et al.*, Civil Action No. 3:15-CV-00950, 2019 WL 5260381, at *7 (M.D. Pa. 2019) (citing *Mantz v. Steven Singer Jewelers*, 100 F. App'x 78, 81 (3d Cir. 2004)).

Costs, other than attorneys' fees, allowed under 5 V.I.C. § 541 include: (1) fees of officers, witnesses and jurors; (2) expenses of taking depositions which were reasonably necessary in the action; (3) expenses of publication of the summons or notices, and the postage when they are served by mail; (4) compensation of a master as provided in Fed. R. Civ. P. 53; and (5) expenses of copying any public record, book, or document used as evidence at trial. 5 V.I.C. § 541(a). In order for these costs to be reimbursed, they must also be reasonable. *See Creative Minds, LLC v. Reef Broadcasting, Inc.*, No. ST-11-CV-131, 2014 WL 4908588, at *1 (V.I. Super. Ct. Sept. 24, 2014).

Similarly, in order to recover "expenses"—as permitted under a contract—the expenses must be reasonable. *See Rainey*, 55 V.I. at 880-81. Under Virgin Islands law, reasonable expenses related to title searches, filing and recording fees, and process server fees are appropriate expenses that may be recovered in a foreclosure action. *Flagstar Bank v. Daniel*, Civil Action No. 2013-0058, 2016 WL 6154905, at *8 (D.V.I. Oct. 20, 2016).

### III.   DISCUSSION

#### A.   Billing Rate

In support of Plaintiff's First and Second Supplemental Motions for Fees, Plaintiff submitted a Declaration of Counsel with each Motion, along with attached billing records and supporting invoices for fees and costs incurred after July 24, 2015. (Dkt. Nos. 122-1, 134-1). In

each of the Declarations, Warren Cole, Esq., states that he is a partner at his law firm and that his hourly billing rate in this matter is $275.00. *Id.* at 1. Attorney Cole also asserts that the requested billing rate of $275.00 is "extraordinarily reasonable" because it is considerably lower than the rates charged to new clients by his firm and are lower than rates for similar work by attorneys of his skill and experience in the Virgin Islands. *Id*.

Traditionally, Virgin Islands courts "have generally concluded that a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour." *See, e.g*., *LPP Mortg., Inc. v. Club Comanche, Inc*., Civil Action No. 2014-0057, 2020 WL 4717490, at *12 (D.V.I. Aug. 12, 2020) (citing *Williams*, 2017 WL 2543293, at *2). More recently, however, hourly rates of up to $350.00—or higher depending on the experience level of the attorney and the complexity of the case—have been found to be reasonable rates charged in the Virgin Islands. *See, e.g.*, *Herishetapaheru v. Firstbank Puerto Rico*, Civil Action No. 2016-0057, 2022 WL 991327, at *3 (D.V.I. Mar. 31, 2022) (allowing $325.00 and $250.00 in attorneys' fees based on the attorney's level of experience); *Equivest St. Thomas v. Gov't of the Virgin Islands,* No. 01-CV-00155, 2004 WL 3037953, at *8 (D.V.I. Dec. 31, 2004) (concluding that rate of $403.75/hour was reasonable rate for senior partner and noting that the rate was justified by the expertise of the attorney and "unusual complexity of the litigation."); *High Times VI Enterprises, LLC v. Rahhal*, 74 V.I. 304, 317 (V.I. Super. Ct. Apr. 14, 2021) ("The Court finds … Plaintiff's counsel's rate of $350.00 per hour to be consistent with the customary and prevailing market rates that similarly experienced attorneys charge in the U.S. Virgin Islands."); *Chapa v. Sepe*, No. ST-12-CV-504, 2013 WL 8609242, at *2 (V.I. Super. Ct. June 3, 2013) (concluding that rate of $395/hour is "at the high end of the customary and prevailing market rates" charged by experienced attorneys in the Virgin Islands).

In view of the foregoing, the Court finds that the $275.00 hourly billing rate charged for Attorney Cole as reflected in each of the Supplemental Motions, is reasonable and falls within the range of rates typically charged for such services.

### B.  Reasonableness of Hours Expended

Next, the Court addresses whether the hours claimed in the First and Second Supplemental Motions were "reasonably expended." *Phillips*, 2018 WL 1789546, at *3 (D.V.I. Apr. 12, 2018) (quoting *Stridiron*, 2013 WL 5941298, at *6).

#### 1.  First Supplemental Motion

##### a)  Fees

In the First Supplemental Motion, Plaintiff requests attorneys' fees in the amount of $11,687.50 for 42.5 hours of work billed between July 24, 2015 and September 23, 2021 (Dkt. No. 122-1 at 5-13). Most of the hours billed account for preparation for, and attendance at, mediation; post-Judgment tasks such as preparation for the Marshal's Sale; the drafting of the Supplemental Motion for Costs and Fees; and communications regarding flood insurance for the foreclosed property. (Dkt. No. 122-1 at 5-13).

Upon review of the record, the Court finds that Plaintiff has not met its burden of showing that all of the fees sought were reasonably expended. During the period covered by the First Supplemental Motion, the issues were relatively few and were not complex or novel. *See Flagstar Bank, FSB v. Lawrence*, Civil Action No. 2016-0105, 2018 WL 4518695, at *3 (D.V.I. Sept. 5, 2018) (citing *Good Timez, Inc. v. Phoenix Fire & Marine Ins. Co.*, 754 F. Supp. 459, 463 (D.V.I. 1991) ("In computing what is a reasonable award of attorney's fees in a particular case, the court should consider, among other things, the novelty and complexity of the issues presented in that case.")). Aside from the parties' mediation, there were no substantive issues to resolve—as

9

confirmed by Plaintiff's own billing records and the Court's docket. Accordingly, the Court finds that 42.5 hours of work billed at the $275/hour rate for a total amount of $11,576.50 is excessive. The Court will therefore reduce the 42.5 hours requested by one-third to 28.3 hours and will award attorneys' fees in the amount of $7,791.67. The Court finds that this amount is reasonable considering the routine and straightforward nature of the issues covered by the First Supplemental Motion.

### b) Costs and Expenses

In the First Supplemental Motion, Plaintiff seeks reimbursement of $23,026.70 for costs and expenses related to filing and service of process fees, publication costs, and force-placed insurance premiums. (Dkt. No. 122-1 at 9). Under the terms of the Note, Club Comanche agreed to "pay all expenses of any nature, whether incurred in or out of court … in connection with the satisfaction of the indebtedness or the administration, supervision, preservation, protection of (including, but not limited to, the maintenance of adequate insurance) … the Collateral." (Dkt. No. 1-3 at 3). Similarly, under the terms of the Mortgage, Club Comanche agreed to "continuously maintain hazard insurance … as the mortgagee may from time to time require on the improvements now or hereafter on [said] property, and [to] pay promptly when due any premiums therefor." (Dkt. No. 1-4 at 3).

Title 5, Section 541(a) defines what costs are allowed in a civil action. Expenses, however, are not defined by statute, nor are they defined in the Mortgage or other loan documents. The Supreme Court of the Virgin Islands has opined that "costs" and expenses do not cover the same outlays of funds in a case. In *Terrell v. Coral World*, 55 V.I. 580 (V.I. 2011), the Virgin Islands Supreme Court noted that Title 5, Sections 541 through 547, "govern the award of costs to a prevailing party in civil litigation." *Id.* at 584. The Court in *Terrell* observed: "It is well-established

that when a statute authorizes taxation of costs, 'costs are not synonymous with expenses unless expressly made so by statute.'" *Id.* at 591 n.14 (citation omitted). Further, pursuant to Rule 211.1.5 of the Virgin Islands Rules of Professional Conduct, adopted by the Supreme Court of the Virgin Islands and effective February 1, 2011, fees and expenses awarded in the Virgin Islands must be "reasonable." *Flagstar Bank, FSB v. Lyles*, Civil Action No. 2014-0105, 2017 WL 987448, at *6 (D.V.I. Mar. 14, 2017). Reasonable expenses related to title searches, filing and recording fees, and process server fees are appropriate expenses that may be recovered in a foreclosure proceeding. *Matrix Financial Services Corp. v. Laurent*, Civil Action No. 2014-0069, 2016 WL 2757698, at *6 (D.V.I. May 11, 2016).

Plaintiff is seeking reimbursement of $23,026.70—which includes both statutory costs of $262.34 (costs of filing and service of process) and non-statutory expenses of $22,764.36 (publication costs for the Notice of Sale and force-placed flood insurance premiums). (Dkt. No. 122-1 at 9). In support of the request for statutory costs and as required by LRCi 54.1(b), Plaintiff attaches invoices for the filing and service of process fees. *Id.* at 3-4.[5]

The request for non-statutory expenses is also properly supported and reimbursable pursuant to the terms of the Note and Mortgage. First, Plaintiff submits invoices for the two publications of Notice of Sale reflecting the amounts of $804.00 and $821.00 for a total of $1,625.00. Second, in support of its request for reimbursement of force-placed flood insurance premiums, Plaintiff submits a Declaration by Miguel Alvarez, Portfolio Manager of CLMG Corp, attesting that Plaintiff made six payments for force-placed flood insurance premiums in the total

---

[5] The Court notes that an additional $20.00 for the "Attest of Judgment for Marshal and Recording" was included in Plaintiff's initial request for costs, but not included in the statutory costs requested by Plaintiff in the Amendment. The amount was properly excluded in the absence of an invoice. *See* LRCi 54.1(b) ("[C]ounsel shall append to the verified Bill of Costs copies of all invoices in support of the request for each item.").

11

amount of $21,139.36. (Dkt. No. 122-2). A payment schedule history attached to the Declaration also sets forth the amount of $21,139.36 that Plaintiff paid for the insurance between March 15, 2016 and March 15, 2021. *Id.* at 3. As discussed above, such expenses are allowed pursuant to the terms of the Note and Mortgage. (Dkt. Nos. 1-3 at 2 and 1-4 at 3).

Accordingly, the Court will award Plaintiff the total amount of $23,026.70 for the statutory and non-statutory expenses as described herein.

### 2. Second Supplemental Motion

In the Second Supplemental Motion, Plaintiff requests attorneys' fees in the amount of $5,060.00. (Dkt. No. 134-1 at 4). In an Exhibit attached to the Declaration, billed entries show work related to the preparation for the Marshal's Sale; communications between Plaintiff's counsel and Plaintiff regarding the eventual cancellation of the Marshal's Sale; and preparation of the Second Supplemental Motion. *Id.* at 5-7.

In its Opposition, Club Comanche argues that Plaintiff unreasonably incurred costs in the Second Supplemental Motion by refusing to specify the amount necessary to satisfy the Judgment, as requested by Club Comanche, in the six days prior to the scheduled Marshal's Sale. (Dkt. No. 135 at 2). However, there was more than ample time for Club Comanche to address—even on its own initiative—any outstanding issues regarding the amount necessary to satisfy the Judgment.[6] Indeed, Club Comanche knew that a Marshal's Sale was imminent before it filed for bankruptcy because the sale was initially scheduled for May 27, 2021. (Dkt. Nos. 117, 117-1). Thus, after Club Comanche's bankruptcy filing, its dismissal of the bankruptcy proceeding at its own request, and the lifting of the bankruptcy stay in September 2021, Club Comanche had to be aware that the

---

[6] Notably, in its Emergency Motion, Club Comanche ultimately arrived at an amount to deposit in the Court's Registry even without Plaintiff's assistance.

12

Marshal's Sale would be on the horizon. This was confirmed as early as October 7, 2021 when Plaintiff filed a "Notice of Filing Proof of Publication" on the Court's docket. (Dkt. No. 123). Nonetheless, it was not until after the close of business on October 27, 2021—the day before the Marshal's Sale was scheduled—that Club Comanche filed its Emergency Motion to deposit funds into the Court Registry and halt the Marshal's Sale. Club Comanche could not have reasonably expected that there would be any pause in Plaintiff's counsel's preparation for the Marshal's Sale given Club Comanche's last-minute scramble to deposit funds into the Court's Registry. Thus, the Court rejects Club Comanche's argument that it is Plaintiff's fault that Plaintiff incurred additional attorneys' fees in connection with the Marshal's Sale, in view of Club Comanche's belated decision to change course.

In view of the foregoing, the Court finds that the requested fees in the Second Supplemental Motion were reasonably expended and will grant the requested fees in the amount of $5,060.00.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant in part and deny in part Plaintiff LPP Mortgage, Inc.'s First Supplemental Motion and will grant the Second Supplemental Motion. With respect to Plaintiff's First Supplemental Motion, the Court will award attorneys' fees totaling $7,791.67 and costs and expenses of $23,026.70. With regard to the Second Supplemental Motion, the Court will award attorneys' fees in the amount of $5,060.00. The total award to Plaintiff therefore is $35,878.37. Accordingly, the Court will direct the Clerk of Court to issue to the indicated parties the following amount from the $47,402.46 balance of Defendant Club Comanche's deposit in the Court's Registry: 1) the Clerk of Court shall issue the amount of $35,878.37 by check payable to Plaintiff, through its counsel, Warren B. Cole Esq.; and 2) the

Clerk of Court shall issue a check for the remaining funds in the amount of $11,524.09 to Defendant Club Comanche.

An appropriate Order accompanies this Memorandum Opinion.

Date: May 29, 2023                              _____/s/_____
                                                WILMA A. LEWIS
                                                District Judge